This honorable appellate court for the Second District is now open. The Honorable Justice Robert D. McLaren presiding, along with Justices Donald C. Hudson and Liam C. Brennan. The case is No. 2-180705, People of the State of Illinois. Plaintiff Appellee v. James K. Daniels, Defendant Appellant. Arguing for the Appellant, Amaris Danek. Arguing for the Thank you. May it please the court, counsel, my name is Amaris Danek from the Office of the State Appellate Defender, and I represent Defendant Appellant James Daniels. In this case, counsel was appointed, filed continuances for three years, and in those three years she did nothing. She filed no 651C certificate. She did not amend the petition. She gave no state motion to dismiss, and when the time came for a hearing, she turned the whole thing over to her client, who stood there on his own pro se petition. At that point, the trial court then granted the state motion to dismiss. At the second stage of any post-conviction claim, every defendant is entitled to reasonable assistance by an attorney. And in order to ensure that assistance, that every defendant gets that assistance, the Illinois Supreme Court requires counsel to file this certificate under Rule 651C to certify that they've done the following. One, consulted with the petitioner either by mail or in person to ascertain the contentions of deprivation of constitutional rights. Two, they have to have examined the record of the trial court proceedings. And three, made any amendments to the petition necessary for the adequate presentation of the petitioner's contention. If the certificate is not filed, then the record has to affirmatively show that these duties were met by counsel. In this case, the record actually shows the opposite. It shows that the assistance provided to Mr. Daniels amounted to no assistance at all. First, before counsel had any contact with Mr. Daniels, she decided that nothing additional needed to be filed. She advised the court she would just proceed on his pro se petition. Before she'd even communicated with him to determine his contentions of constitutional violation, she just came up with this decision somewhere. The timeline was such on March 20th, 2017, she advised the court she was not going to be amending it or filing anything supplemental. Yet in January 2018, almost a year later, she advised the court she had still not spoken to her client. Even three years later, as the judge was ready to hear arguments in the case, the judge himself was not satisfied that counsel had consulted with Mr. Daniels. And on his own, he asked that the case be continued for that to happen. And although that continuance took place, there was after that nothing in the record to confirm a consultation took place. There were statements that they had spoken, but nothing to nothing to affirmatively confirm on the record what they had spoken about. Instead, we're actually in this case left wondering did post conviction counsel know anything about his case at all? Did she have any idea if his claims what they were, whether they had merit, much less whether she had provided him with the reasonable assistance that was required. Second, although counsel asked for time to examine the record, there's nothing in the record that then confirmed she had in fact examined the record. We don't know if she read some portion. We don't know if she read person pertinent portions. We hope that she read the petition. But again, the affirmative showing on the record because no rule 60 651 C was fired was filed speculation is just insufficient. You can't speculate in order to establish the council provided that level of assistance required. And the case on point that deals with this issue was people versus Jennings. And in that case, on the state wanted the court to essentially speculate that because the defendant had been given a copy of the record, it should be presumed that he then sent it to counsel. Council then sent the defendant an itemized bill stating that at some point they had quote, reviewed the file, and the court still found that was not enough to show compliance. In this case, we have even less, there's not even an itemized bill that could be brought up to show, hey, you know, the council was saying, quote, they reviewed the file. There was nothing other than the fact that council asked for time to review the file, but we don't know whether that actually took place. Third, council made no amendments to Mr. Daniels petition. And this is in spite of the fact that the state filed a motion to dismiss his claims on the basis they were barred, they were barred by race judicata. In spite of that fact, post conviction council has an affirmative obligation to try to avoid the barrier of forfeiture. The Illinois Supreme Court has specifically instructed that post conviction counsel should amend the petition when necessary to allege ineffective assistance of appellate counsel. This would then be a relatively simple way to get around the state's claim of forfeiture. Could, um, could counsel have amended it in that way? Um, in the case people versus Turner, that was where the Supreme Court found post refusing to amend the petition to include an allegation of ineffective assistance of appellate counsel. Um, in Turner, the court characterized the council's decision to stand on the pro se petition as quote, a total failure of representation. And in this case, council did not even do that. She did not even stand herself on Mr. Daniels pro se petition. She handed the whole thing over to him to stand on his own petition. Most shockingly, this complete lack of representation took place after nearly, um, three years of continuances that were requested by council continuances for what, what did council do? We can't answer that. We can't look at the record and say what council did. Did she do any work? We didn't know. Um, did she spend countless hours, maybe pouring over the record to properly represent him? We don't even know that we're left with a complete deficit of information due to the fact that there was no certificate filed by council. Um, we do know that Mr. Daniels sent letter after letter, after letter to the court asking what was going on in his case, suggesting he had no idea how to even contact his attorney. For the majority of the time, this case was pending. Mr. Daniels was in prison. It is not difficult to reach someone in prison or by phone, by mail, say, hello, I'm your attorney. This is my address. This is how you can reach me. Um, if council had provided reasonable assistance, this would have been an easy fix. File the six 51 C certificate certified to the court that you provided the by statute required by law. Um, as a result, we are asking that this case be remanded for further post conviction proceedings. We are asking that other separate council be appointed to Mr. Daniels. And we're asking that this court urged the trial court to avoid any further unnecessary protraction of this process. Um, there already had been a three year delay between the filing of his pro se petition and the ultimate dismissal of his petition by the trial court. Thank you. Thank you. Um, Justice Hudson's Hudson. Do you have any questions? I do. Thank you. Good morning, Miss Danik. Good morning. I was standing. Um, we know that the six 51 C certificate had not been filed. So obviously there can be no rebuttable presumption that, um, defense council complied with the, um, what that requirement of six 51. However, um, the fair to file a six 51 certificate can be harmless error. If the record demonstrate that council adequately fulfilled the required duties. Is that correct? Yes. The, um, the record must affirmatively show that correct. There is no presumption that they did in fact fulfill those duties. So just briefly go covering the issues that you raised the first requirement or six 51. Of course, his counsel consulted with the defendant. Um, it seemed a little bit brief in terms of her representations, but in reviewing the trial transcript on August days, 2018, um, Ms. Hatch was there before the court. She indicated, um, that she had talked to the defendant and then, um, the court, I believe asked, um, at some point whether or not she had consulted with him and didn't the defendant say that he, uh, she did consult with him. Uh, yes. What, um, what was said on, um, June 7th of 2018, um, counsel had stated, I'm not filing a supplemental petition. He's going forward on his own. And then the judge did ask, um, Mr. Daniels quote, did you go over all the claims that you believe you had and needed to be raised? He said, yes. Um, and then he said, uh, did you believe you were able to get her opinion as to the claims? And he said, no, we didn't talk about that much with respect to whether or not she consulted with him as to all of his contentions of errors. Um, that statement that he said that he did, uh, why would that not suffice on that point? The concern with that is that after this interaction that took place is that the trial court judge was not satisfied with that requirement. Um, what we don't have from the transcript is, um, many things that the trial court did, which was, um, you know, was there a long pause after he said yes, did he say it in a questioning way? Was he, was there some concern the judge after that interaction was not satisfied that the requirement had been met? Um, and the judge Sue Esponte asked for a continuance after that fact to say, Hey, um, there needs to be this consultation. And so that's the concern over that colloquy was, um, that the judge himself was not satisfied that that prong had been, um, efficiently met. With regard to the second issue, whether the record demonstrates that Ms. Hatch examined the report of proceedings, did you wonder if anywhere in the trial court transcript that Ms. Hatch affirmatively represented that she examined the trial court proceedings? No, there was nowhere in the. Any comments on those lines at all that indicated she reviewed the trial court proceedings? And not that I am aware. No. Okay. All right. Thank you. I have no further questions. Thank you, Justice Brennan. Do you have any questions following up on Justice Hudson's last question? When, uh, Ms Hatch states that she's quote ready to proceed to second stage close quote, uh, when she says that to the trial court as an officer of the court, doesn't she essentially implicitly say I've reviewed the record? Could she be ready if she didn't review the record? Your honor, I would hope so, but there's no way to tell from that statement of the court. Um, she may have felt she was ready after just reading, you know, his petition. We don't know that she didn't file any amendments. She didn't make any additional arguments. Um, again, uh, there are a number of cases that indicate that it's not sufficient to, to just ask the court to make that assumption. Um, again, we don't have the presumption, um, that she did in fact comply with that. And so simply stating the court I'm ready to proceed, um, is not sufficiently affirmative to say I've read the record. I've reviewed these issues with my client. I've, you know, I'm aware of what's in the record for that reason. I'm then ready to proceed. That's what would have needed to have been acknowledged to the court in order to sufficiently meet that second duty under rule 651. All right. Now let me ask a factual question. I think I know the answer, but I want to be sure. Sure. Did the defendant attempt to discharge the course of his post conviction proceedings? Do I think there was an attempt to discharge? Yes. To proceed essentially pro se. I, I don't believe that there was anything in the record to, um, to suggest that no representation was made to the court that this was the case. It did seem incredibly unusual that she just handed this over to her client to deal with. That's my next question. Why? So you don't have an explanation for why the trial judge is doing independent inquiries of both the defendant and the attorney. I read that and I, um, I felt that that was the trial court's concern over whether counsel had adequately spoken with her client. Um, there was a, uh, a point at which counsel said, my client's ready to proceed. And Mr. Daniel said, I haven't heard the motion. I haven't seen it. And then at that point, the judge gave him another two weeks. This was after the initial continuation that continuance that the judge gave. Um, again, it's not as my assessment of this, it wasn't clear in the record what happened, but the judge was concerned at multiple points. Um, even though counsel said, we spoke, the judge said, you know, I'm still giving this continuation. He has said he hasn't even seen the motion you're representing that he's ready to go. There was no attempt by counsel to withdraw. Um, and yet counsel did not herself even stand on his motion. Um, and so whether there had been some off record communication with counsel, it certainly would have been very simple for counsel to have said, um, your honor, I've discussed this with my client essentially. Um, but there was no conversation, um, that was clear on the record again, from my interpretation of that. All right. Thank you very much. I have no additional questions. Thank you. Um, my question, if you know, how long has this, uh, attorney been licensed to practice law? Your honor, I'm sorry. I have no idea. Do you have any idea how long she's been an assistant public defender? I do not. Would the fact that he said he's never seen the motion indicate that she never discussed the motion or the petition with him? I believe so. Yes. I have no further questions. Um, does the panel have any further questions? I don't at this time. I do not. Thank you. Thank you. Um, and you'll have an opportunity to make rebuttal. Thank you. Also, you may proceed. Good morning. I'm Barry Jacobs on behalf of the people of the state of Illinois. That's when an attorney who's appointed after the 90-day default provision of the act finds herself representing a client whose pro se petition advances an argument that's unequivocally without merit or wholly frivolous. A petition that would have been summarily dismissed at the circuit court considered this petition at the first stage of review. Appointed counsel in this case was in the undesirable position of representing the counsel in her brief concedes would not have survived first-stage scrutiny. To serve her client's interest, post-conviction counsel needed to assert any specific grounds for reversal, but was ethically bound not to deliberately mislead the court with respect to the facts or the law or consume the time and energies of the court in opposing counsel by advancing frivolous arguments. Having determined that the underlying claim of ineffective assistance of counsel here was wholly frivolous and without merit, counsel should have withdrawn. Instead, she stood on this petition with the defendant so that we're now here evaluating her performance under Rule 651C. Post-conviction counsel's performance must be viewed against this backdrop. In evaluating her performance, this court should consider the totality of the record and the inferences that can be drawn in determining whether she substantially complied with the obligations imposed by Rule 651C. People submit that she did and that the record affirmatively shows that post-conviction counsel provided a reasonable level of assistance. Thus, her failure to file a certificate under Rule 651C was harmless error. As I argued in the brief, the record affirmatively shows that post-conviction counsel consulted with the defendant at least twice to ascertain its contentions of deprivation of constitutional rights. On June 7th, the petitioner indicated that, the defendant rather, indicated that he and appointed counsel had gone over all the claims that he believed he needed to be raised in post-conviction petition. When the petitioner, when defendant rather, I keep mixing the terms, sorry, the defendant denied that he'd spoken to counsel about her opinion of the claims that could be raised in the petition. The court continued the case to allow further consultation. It's notable that counsel at that point did disagree indicating that she, they had spoken many times. On August 8th, after several more continuances of the state's motion to dismiss, the defendant told the motion to dismiss and the case was again continued to, at the defendant's request, to allow him more time. The record also establishes that post-conviction counsel examined the record of the proceedings at trial. On April 22nd, 2016, post-conviction counsel requested more time to quote, review everything. There were several continuances thereafter to allow her, at her later on March 20th, 2017, she announced that she was ready to proceed on the petitioner's pro-state filing and wouldn't be filing any additional pleadings. This wasn't an affirmative statement by counsel from which we can infer that post-conviction counsel completed her review of the record of the trial proceedings before answering ready to proceed on defendant's claim of ineffective assistance. As to the third obligation imposed by rule 651c, that counsel make any amendments to the pro-state petition, excuse me, that were necessary for an adequate presentation of defendant's intentions, I note that appellate counsel has not articulated how post-conviction counsel could have amended this pro-state petition to substantially show that trial counsel was ineffective for failing to challenge the DNA evidence presented by the state during trial. I draw your honor's attention to People v. Greer, which I cite in the brief. In that case, in Greer, our Supreme Court reiterated that fulfillment of the third obligation under rule 651c, excuse me, to make amendments necessary to present defendant's claims does not require post-conviction counsel to amend a pro-state petition if the amendment would only advance a frivolous or non-meritorious claim. Such an amendment is not necessary under rule 651c. Here, amendment of the post-conviction petition was not necessary because the amendment would have only advanced defendant's frivolous claim that counsel was deficient for not challenging the DNA evidence. As I argued in the brief, the record clearly refutes petitioner's claim that trial counsel failed to challenge that DNA evidence at both of the trials, which were a couple of months apart. Trial counsel, you know, vigorously cross-examined all of the witnesses, including the state's experts, and that's laid out in the brief. Defendant in his post-conviction petition and counsel today have not articulated any facts to support a claim that trial counsel was ineffective for failing to challenge the state's DNA evidence. Defendant alleged no facts that would support defining the trial counsel's in challenging the state's DNA evidence at trial, let alone objective, standard, or reasonableness. He does not identify specific DNA evidence that counsel failed to challenge, does not reference specific arguments attacking the DNA evidence that counsel should have made, and he further fails to make any factual showing that if counsel had hired a DNA expert to challenge the state's DNA evidence, as he attested, the result of the trial would have been different. Counsel cross-examined the state's witness about the collection of the hat and blood samples found in the vehicles, questioned about the buccal swabs and their verification, possible degradation of the DNA, the testing and verification procedures. Defendant does not cite any specific of record facts that this post-conviction counsel could have alleged to show that had trial counsel hired a DNA expert, the state's conclusive DNA evidence could have been refuted. Even if post-conviction counsel had alleged ineffective assistance of appellate counsel to overcome the procedural bar of wavered, as argued, the up-record facts do not support a substantial showing of a constitutional claim of ineffective assistance of counsel. Should this court find that post-conviction counsel did not provide reasonable assistance because she did not amend the pro se petition to allege ineffective assistance of appellate counsel, and enter an order reversing remanding for appointment of new counsel and for further second-stage proceedings as requested, the defendant still will be enabled to make a substantial showing on this record that he was deprived of the effective assistance of counsel in order to survive second-stage scrutiny. This is an exercise of futility and a waste of time and resources. I ask this court to find, based on this record, that post-conviction counsel provided reasonable assistance as required by Rule 651C and to affirm the dismissal of the petition at the second stage. Are you done? Thank you. Okay, thank you. Justice Hudson, do you have any questions? Yes, thank you, I do. Good morning, Mr. Jacobs. As we know, had a 651C certificate been filed, it would have given rise to a rebuttable presumption that Ms. Hatch had complied with the rule and provided reasonable assistance. It didn't happen here, but as you alluded to, it's not necessarily fatal if the record demonstrates that counsel adequately fulfilled the required duties. Three elements are present. You alluded to that. Counsel consulted with defendants. Okay, I think we saw that, as I asked Ms. Stanek. On June 7, 2018, the court was addressing Ms. Hatch. She asked her if she went over all of the claims that she believed that he needed to be raised in his post-conviction petition. She said yes on the record. I think that may pass muster on that issue, and I think we'd have to agree with you that 651C, the requirement that counsel makes any necessary amendments to the petition, does not require counsel to raise frivolous or spurious claims. I think that that's pretty much undisputed. I'd like to focus in on the second element under 651C, the second factor. Counsel examined the record of the proceedings at trial. Can you point us to anywhere in this record, this entire proceeding, that affirmatively establishes that Ms. Hatch did, in fact, examine the report of proceedings in this case? Did she ever say that she did that? She didn't specifically say the report of the proceedings. She said she wanted to review everything. This was not a significantly long record. The trial proceedings were not significantly long, yet she requested several continuances to complete her review. That was April 22, 2016, when she indicated she would review everything before she could proceed. Almost a year later, as I said, on March 20, 2017, she announced she was ready to proceed on petitioner's pro se filing and wouldn't be making any additional filings. As I stated earlier, this was an affirmative statement that she, and a reasonable inference that she had, as an officer of the court, had completed her review. So if we were to accede to your position, doesn't that require us to, in all candor, fill in the gaps? She never stated, she didn't file a 651C certificate, she never stated, yes, I have examined the report of proceedings or anything like that. She needed additional time to complete her review and look at everything, but we really don't know that. Isn't that sort of a slender read for us to hang our hat on, Mr. Jacobs? Well, I would just admit that the review everything is pretty encompassing. As I said, it's not a significantly long record in a year's time. So we should announce a decision that if counsel says she wants to continue to review everything, then that means that she's examined the report of proceedings. Should we make that decision, announce that as a rule of law? Again, I think you have to consider what the claims in the pro se post-conviction petition were, and they all pertained to trial. It doesn't seem reasonable that she would be reviewing the record of pretrial motions or anything other than how trial counsel performed at trial, which would, yes, necessitate a rule. I don't know if that's too slender of a read, but I, again, submit that you're going to review everything and asking for a substantial period of time to do so, then announcing that you're ready and that you're not planning anything additional, ready to proceed to second stage. I think the reasonable inference is that, yes, there was review of the trial proceedings. All right. Thank you, Mr. Jacobs. That's all I have for today. Mr. Jacobs, would you agree that where there's no 651 certificate, even if we think that any attempt to amend the petition would ultimately result in a frivolous argument, we still have to find that the record demonstrates the post-conviction counsel examined the report of proceedings. Otherwise, we have to reverse. Would you agree with that? Are we saying that we're inferring that she examined the report of proceedings because she's stating that she's not amending? No. My question is this. Even assuming that no matter what happens, ultimately, the petition's frivolous, the claims are frivolous. Before we can affirm, we still have to find that the record demonstrates post-conviction counsel examined the report of proceedings. Otherwise, no matter how frivolous, we cannot affirm. Is that a fair statement? I believe that's true. The reported cases, they look at obviously all three prongs of the rule. In those cases where one is deficient, that does require reversal. Does it give you any pause that the trial judge here was interacting directly with the defendant as to the merits and the arguments as opposed to simply asking the counsel who supposedly did all this work to make the arguments? I'm not exactly certain if Judge Leavitt was the trial counsel, although I tend to believe he was. I would say that this defendant, based on my review of the record, had a history of making claims of ineffective assistance of counsel. He had sought to discharge Randy Bruno, his trial counsel, I believe, either shortly before or during the first trial, and made a claim that she had not raised a speedy trial issue. And then subsequent to the first trial, again, made a claim that she had not challenged the state's evidence. The court conducted a mini-crankle hearing with the defendant and found that to be unfounded or unverified. So I think that perhaps this court was addressing both parties out of an abundance of caution. I have no information about how long Ms. Hatch had been an attorney or a public defender, but based on the record that this defendant, I believe that in that first claim, the trial counsel was ineffective. She, Ms. Bruno, the trial counsel, moved to withdraw at some point, saying that she would try to talk to this defendant and he would just walk away from her. So he wasn't cooperative, and that's the sense I got from the record. I can't specifically explain why the court addressed both, but that's what I was able to infer. All right. Thank you, sir. I have no additional questions. Thank you. I have no questions. Justice Hudson, do you have any questions? I have no further questions. Thank you. Thank you, Mr. Jacobs. Thank you. Ms. Danek, do you have five minutes for rebuttal? Thank you, Your Honor. I'm just going to address a few points really briefly. First, the failure of counsel on even one of the duties set out by 651C does require reversal. Second, opposing counsel went into great lengths about the potential underlying merits of Mr. Daniel's claims, and that's simply not a part of the inquiry as to whether the requirements under the rule were met. When counsel fails to fulfill any one of the requirements, a remand is required regardless of the underlying claims and whether they had merit. It's pure, really, conjecture at this point as to whether trial counsel felt these claims actually had merit. Again, this is not the inquiry in question, but even so, there were allegations in his petition that were somewhat outside the record that would have been there on direct appeal, including conversations that he had with his trial counsel regarding this DNA. That alone could have potentially, again, potentially, because this is all speculation, because we don't actually know what counsel did or didn't do in this case, that alone could have potentially challenged the state's claim of forfeiture. And then even though, even if she had decided this claim has no merit at all, she still needed to meet the 651C requirements, and then ethically, she could have sought to withdraw. People v. Greer quotes another appellate court decision stating that this court has held a defendant receive sufficient representation of counsel in a post-conviction proceeding under the upon finding no meritorious claim. And so, it's not one or the other. If she did feel there was nothing meritorious, there was nothing she could do to amend, there was nothing that could be done, she needed to certify that these duties were met. She met these duties, she could not ethically proceed, and then she could have withdrawn. Third, I would just point out again that confirmation of speaking with one's client is not the same as consulting with one's client. And then with regard to the review of the record, the case law is simply set, it's very clear, you cannot make that inference. There's no presumption that she read the record. This is not an inference that can be made. Again, that would just gut the requirement of the rule. There's a very, very simple fix to all of this. She could file the there's probably a form that she could have simply filed. This can be fixed, but we cannot be left with a record that does not affirmatively show that she complied with these rules. And so, really, again, for opposing counsel to suggest that his claims were just unequivocally without merit, that's part of the point. We simply don't know. If he was required at this stage to show on his own that there was no merit, then this would just be automatically continued to third stage hearing. That's not what we're asking. We're asking that this be returned to second stage to ensure that he has the statutory protection that was laid out by the Supreme Court that says you have to meet these minimum requirements. It is not for the defendant, without the advantage of counsel, to be able to put his claims together in order to automatically advance them to third stage. That's simply skipping over the entire point of his having the assistance of counsel. And so to spend this much time kind of dwelling on whether his underlying claims had merit or not and speculating whether he was upset with his previous counsel, that's simply not the inquiry in question. And at this stage, it doesn't hold any water in terms of whether his counsel who was appointed spent three years doing absolutely nothing and then didn't file any certificates stating something to the contrary. And so for all of those reasons, a petitioner is entitled to a hearing. Frankly speaking, that's not a particularly high bar, but it has to be met. It has to be met. Otherwise, there's no meaning to this rule at all. There's no meaning to this sense of a reasonable level of assistance by an attorney when we don't even know if that attorney read the record before she formed any opinions. We don't know what those opinions are. She didn't make any arguments on his behalf. She didn't move to withdraw. If she had moved to withdraw, then she would have had to state on the record why she felt that his claims had no merit. And he would have had the additional protection of being able to counter his attorney's opinion because she simply kind of handed it over to him in these circumstances that were not clear on the record. He did not even have that additional protection of being able to say, hey, I don't think my counsel read the record. This is why my claims do have merit and have that brought before the court. Are you closed, please? Yes. For all of those reasons, we're asking that this case be remanded, reversed and sent back for further second stage proceeding. Thank you. Thank you. Justice Hudson, do you have any questions? No, I don't think. Thank you. Justice Brennan, do you have any questions? I do not. Thank you. I might have one or two. The record indicates that Ms. Hatch did not make any argument in support of the motion filed. Is that correct? That's correct. Did she ever indicate in the record that she believed that the motion lacked merit and was frivolous and or frivolous? She did not. She did not. Did she ever indicate that she thought it had merit? She did not. I have no further questions. Does the panel have any other questions? I do not. William, do you have any other questions? I do not. Thank you. Thank you. The case will be taken under advisement and a disposition rendered in time. Mr. Clerk, would you please close out the proceedings?